IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHERRINA HARRIS**                                                                                                     **PLAINTIFF**

v.                                            Case No. 4:24-cv-314-JM

**CANTEEN and
COMPASS GROUP**                                                                                                    **DEFENDANTS**

## ORDER

On April 23, 2024, the Court granted Plaintiff Cherrina Harris's motion to proceed *in forma pauperis* and screened her *pro se* Complaint. (Doc. 5). The Court gave Ms. Harris thirty days to file an amended complaint which more sufficiently pleaded facts supporting an Americans with Disability Act (ADA) claim. Specifically, the Court directed Ms. Harris to identify her qualifying disability and what, if any, accommodations she asked for but was denied. (*Id*. at 2). Ms. Harris's Amended Complaint, however, fails to cure these deficiencies.

In her Amended Complaint, Ms. Harris explains that, on November 16, 2023, she was asked to oversee four bays, rather than the usual one. (Doc. 6 at 2). The expanded work area required Ms. Harris to "twist and turn" causing "[her] health to worsen." (*Id*.). It appears from her description of events, that additional work occurred because of unexpected layoffs the same day. (*Id*.). Ms. Harris suggests that a person identified as "Cola" intentionally fired the woman who assisted her in order to make Ms. Harris's workday more difficult to complete. (*Id*.). Ms. Harris says she asked Shariah Bailey for help saying, "they know[] I suffer[] from a nerve condition & carparl (sic) tunnel – back – R-leg . . . ." (*Id*.). According to Ms. Harris, Ms. Bailey responded that she had no control over "that." (*Id*.). Ms. Harris quit the same day. (*Id*.).

Ms. Harris suggests the origins of Cola's retaliatory behavior began on June 27, 2023, when she and Ms. Harris's daughter (who also worked at the plant) fought at work. (*Id*.). Ms. Harris believes that, after the fight, Cola held a grudge against her and suggested that Cola

had "been trying to get me out the job every (sic) since this accident." (*Id*.). Ms. Harris says she reported Cola to human resources, but she says her reports adversely resulted in her work schedule increasing from four to five days a week. (*Id*.). Since quitting her job, Ms. Harris states that she was diagnosed with MDD (mental disease and defect) and attaches documentation establishing that she that she had a telehealth visit on November 28, 2023 with a social worker to discuss depression. (*Id*. at 5). She also states that she was diagnosed with arthritis in May 2024. (*Id*. at 2).

Ms. Harris's personality conflict with Cola, without more, does not support an ADA claim. She plainly states her belief that Cola held a grudge against her family following a fight. Ms. Harris has offered no facts, however, to support that she was treated differently because of a disability or because she was in any other discrete class. In order to establish a *prima facie* case of disability discrimination under the ADA, Ms. Harris must show: (1) that she is a disabled person within the meaning of the ADA; (2) that she was qualified to perform the essential functions of her position; and (3) that she suffered an adverse employment decision under circumstances that give rise to an inference of discrimination. *Evans v. Cooperative Response Center, Inc.*, 996 F.3d 539, 544 (8th Cir. 2021). Ms. Harris has not met this burden. The Court will assume that Ms. Harris was qualified for her position since she reports having maintained it for two years. Nevertheless, Ms. Harris has not identified her disability, and she has not stated what accommodation she asked for but was denied. Ms. Harris loosely makes a reference that "they" should have known she a nerve condition and carpal tunnel, but she does not state who "they" are or whether she had been offered an accommodation for either of those conditions. At most, Ms. Harris states that she asked a coworker for help when unexpected layoffs resulted in more bays needing attention but was told she had no authority to help. And, while Ms. Harris states that she was treated for anxiety, depression and arthritis, those ailments arose <u>after</u> she quit her job. As a result, these facts do not support Ms. Harris's claim that she was discriminated against because of a disability.

For the reasons stated above, Ms. Harris's Complaint and Amended Complaint are dismissed without prejudice for failure to state a claim. The Court certifies that an *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 21st day of May, 2024.

_____
UNITED STATES DISTRICT JUDGE